**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANA JEAN STEINMETZ, | No. 09-35657 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05485-BHS-1 |
| v. | |
| CITY OF CAMAS, OFFICER KYLE ISAAK, OFFICER DEBRAH FARLAND, and SGT. SHYLA NELSON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 16, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable William Hart, United States District Judge for the Northern District of Illinois, sitting by designation.

Diana Rain Steinmetz appeals the summary judgment in favor of the officers involved in her arrest. As they are entitled to qualified immunity, we affirm.

Courts consider two questions in deciding qualified immunity: (1) whether the facts taken in the light most favorable to the party asserting injury show the officer's conducted violated a constitutional right; and (2) whether the right was clearly established in light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). We believe this case is best resolved by considering step two of the inquiry, that is, whether the right was clearly established. *See Pearson v. Callahan*, 129 S. Ct. 808, 812 (2009). The dispositive query is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

A reasonable officer in Isaak's shoes would not have believed that probable cause to arrest Steinmetz was lacking. *See* RCW 10.31.100(2)(c). Steinmetz admitted to clawing her husband's neck; Earl called 911; Earl had visible claw marks on his neck; Steinmetz lacked any injury similar to his; and her husband's story was clearer and more consistent than hers. A reasonable officer would not have believed that probable cause was dissipated because Steinmetz wanted an officer to talk to a third-party, who had no percipient knowledge of the

2

incident, over the telephone. Nor would Isaak have been alerted by clearly established law that, given probable cause to believe Steinmetz had assaulted her husband, he was nevertheless obliged to investigate whether an affirmative defense was applicable. *See Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003) (arresting officer not required to investigate and determine that an affirmative defense is inapplicable before arresting a person for whom there is otherwise probable cause to arrest). While a reasonable officer would not have relied just on Earl's claim to being the victim of a crime, *see Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001), Isaak didn't do this; he interviewed both parties, twice, and considered their relative injuries as well as the coherency of their accounts.

In sum, the officers are entitled to qualified immunity because it would not have been clear to them they lacked probable cause or failed to conduct an adequate investigation.

Given this disposition, we do not need to reach any issue arising out of the Release and Dismissal Agreement.

AFFIRMED.